■ MIMI SHAPIRO, on Behalf of Herself and All Other Holders of Certain Notes of UV Industries, Inc., Similarly Situated, Appellant, v UNITED STATES TRUST COMPANY OF NEW YORK, Respondent. — Judgment, Supreme Court, New York County (Kirschenbaum, J.), entered on March 3, 1982, which dismissed the complaint is modified, on the law, to the extent of reinstating the third cause of action thereof, and as to the third cause of action, declaring that the defendant trustee may properly withhold payment of semiannual installments of interest on an issue of 9¼% senior subordinate notes due April 15, 1987, so long as indebtednesses of the debtor therein senior to the subject notes are in default, and is otherwise affirmed, without costs. Appeal from order, Supreme Court, New York County (Kirschenbaum, J.), which denied plaintiff's motion for class action certification and to vacate a stay of action is dismissed as moot, without costs and without disbursements. We agree with Special Term that the finding by Judge Werker in Sharon Steel's action against the trustees, including the defendant, and related actions (*Sharon Steel Corp. v Chase Manhattan Bank, N.A.,* 521 F Supp 118), that there was a default on the senior indebtedness as a result of the Sharon Steel transaction and thus that default notices were properly issued by defendant and the other indenture trustees, resolves that issue and that summary judgment in favor of

this defendant was appropriate as to each cause of action alleged in this complaint, except as to the third cause of action. The third cause of action sought a judgment declaring the plaintiff's right to future interest installments from the trustees upon their receipt of sufficient funds, whether or not there was a default on superior indebtednesses. Since it has been determined that the trustees acted properly in withholding the interest installments because of the default on the senior indebtednesses, that cause of action should not have been dismissed, but rather, the rights of the parties declared (*Lanza v Wagner,* 11 NY2d 317). Concur — Sullivan, Ross, Silverman and Alexander, JJ.

Kupferman, J. P., concurs in a memorandum as follows: I concur in the result. Inasmuch as counsel for the defendant-respondent indicated to the court that the withheld interest on the notes will be paid in about one month by reason of the consideration of Judge Winter's rulings in the Second Circuit (*Sharon Steel Corp. v Chase Manhattan Bank, N.A.,* 691 F2d 1039), and the denial of certiorari on February 28, 1983 (__ US __, 51 USLW 3633), the matter as to the major portion thereof having to do with wrongful withholding of interest, is virtually moot.